IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00144-CR

 

Michael Reed,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 03-00032-CRF-272

 



DISSENTING Opinion










 

“That depends on what your definition of … [at]
is.”  (Bill Clinton; quotation supplied by Thinkexist.com.) (I believe this
quote was in response to a question regarding Clinton’s relationship with
Monica Lewinski.).

In the context of discharging a firearm, what
does it mean to shoot “at” something?  According to Bubba, when he shot at the
juke box and hit it, it was not the reckless discharge of a gun because, in
Bubba’s words, “reckless hell I hit just where I was aimin’.”  Mark Chesnutt, Bubba Shot the
Jukebox, on Longnecks And Short Stories
(Universal 1992). But we know that just because you hit what you are aiming at
does not make the discharge any less reckless, or any more lawful.  Thus we
know that Bubba’s definition is too narrow to be used in connection with
defining “at” for purposes of the Penal Code provision.

Likewise, I would suggest that the majority
opinion has put far too narrow of a definition upon the word.  Black’s Law Dictionary
discusses the term as follows:

At.  A
term of considerable elasticity of meaning, and somewhat indefinite.  A
function word to describe or indicate presence or occurrence in, on, or near;
or to indicate the means, cause, or manner; or to indicate that with which one
is occupied or employed.  As used to fix a time, it does not necessarily mean eo
instante or the identical time named, or even a fixed definite moment. 
Often expresses simply nearness and proximity, and consequently may denote a
reasonable time.

Black’s Law Dictionary 124 (6th ed. 1990).

 

Obviously “at” is a word with a very wide range
of uses and meaning.  So much so that its “elasticity” is noted in this
venerable legal reference book.

But the jury would not have a legal dictionary
in the jury room.  So how is “at” defined in an ordinary dictionary?  The
American Heritage College Dictionary defines “at” as follows:

At
. .. 1.a. In or near the area occupied by; in or near the location of; at
the market.  b. In or near the position of; at the center of the
page.  2. To or toward the direction of, esp. for a specific
purpose:  Questions came at us from all sides.  3. Present
during; attending:  at the dance.  4. Within the interval or span
of:  at a glance.  5. In the state of:  at peace.  6.
In the activity or field of:  good at math.  7. To or using the
rate, extent, or amount of; to the point of:  at 350° F.  8. On,
near, or by the time or age of:  at three o’clock.  9. On account
of; because of.  10. By way of; through:  exited at the rear gate. 
11. In accord with; following:  at my request.  12.
Dependent upon:  at the mercy of the court.  13. Occupied with:  at
work.  – idiom. At it.  Informal.  Engaged in verbal or
physical conflict.

 

The American Heritage
College Dictionary 85 (3d ed. 1997). 
The Merriam Webster’s Collegiate Dictionary defines “at” as “used as a function
word to indicate presence or occurrence in, on, or near.”  The Merriam Webster’s Collegiate Dictionary
72 (10th ed. 1993).

In the context of the Penal Code, this case,
according to the majority, turns upon whether the “actor is outside the
habitation.”  Balderdash.

The majority’s definition is only one of many
that could be used by a jury in evaluating the evidence.  Because the term is
not defined in the statute the jury is not limited to the definition the
majority would like to use.  The jury could use any common usage of the term.

I need go no further than the first definition
in the general dictionary cited above to know that the majority’s reading is
entirely too restrictive.  If “at” means “in or near” then I have no problem
determining that the jury was within its prerogative to determine that Reed
fired the gun “at” the house.  Maybe an English linguistic expert could analyze
it in such a manner as to construct the argument that such a use is improper,
but the average juror in Texas is not, no disrespect intended, a linguistic
expert.

Let us examine the issue from a different
perspective, literally.  Should the result in this appeal be different if the
struggle occurred on the porch or in the yard rather than in the hall?  I think
not.  But under the majority’s analysis, if they struggled on the porch or in
the yard, then the conviction stands; but if the same struggle occurs in the
hall, it does not?  That seems terribly illogical.  

Let us examine the issue from yet another
perspective, literally.  The perspective is from that of the house.  Oh, if
only walls could talk.  If the house could tell us how it felt about it I have
no doubt that it would say, “Let us not forget that the bullet came to rest in
my wall.”  There is no indication that it came to rest there as a result of a
ricochet.  Because bullets tend to leave the gun from which they were fired in
a straight line, the location of where the bullet stopped is all but conclusive
evidence that the gun was pointed “at” the wall, a part of the house, when it
was discharged.  So from the perspective of the habitation:  “Not only did Reed
shoot at me, he hit me!”

Based upon the foregoing, I conclude that the
jury was well within the bounds of being rational when it determined, based
upon the evidence, that Reed discharged “a firearm at or in the direction of a
habitation.”  From the jury’s perspective, Reed could hardly have missed.

I dissent.

 

                                                          TOM GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed December 20, 2006

Publish






herently suggestive. At trial, Smith did not
object to the admission of the identification testimony by January. Nor has he complained on
appeal of January's in-court identification. Because the evidence was admitted without objection,
Smith cannot now challenge the sufficiency of the evidence on the basis that it was unreliable. We
overrule Smith's single point of error.
      The judgment of the trial court is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed December 16, 1992
Do not publish